[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

19-11433

_____

D.C. Docket No. 1:18-cv-01531-TCB

KENNETH E. FLICK,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL, DEPARTMENT OF JUSTICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 20, 2020)

Before WILSON and JILL PRYOR, Circuit Judges, and CORRIGAN,[*] District
Judge.

PER CURIAM:

_____

[*] Honorable Timothy J. Corrigan, United States District Judge for the Middle District of
Florida, sitting by designation.

Kenneth Flick appeals the district court's grant of the government's motion to dismiss his complaint alleging that 18 U.S.C. § 922(g)(1)—which prohibits felons from possessing firearms—violates the Second Amendment as applied to him.[1]

In 1987, Flick pled guilty to (1) copyright infringement, in violation of 17 U.S.C. § 506(a) (1982) and 18 U.S.C. § 2319(b)(1)(A) (1982), and (2) smuggling goods into the United States, in violation of 18 U.S.C. § 545 (1954).  At the time, both crimes were felonies punishable by imprisonment of up to five years.  18 U.S.C. §§ 2319(b)(1)(A) (1982), 545 (1954) (amended in 2005 to make smuggling punishable by imprisonment of up to 20 years).  Flick was sentenced to four months in a halfway house on the smuggling charge and five years' probation on the copyright charge and was ordered to pay $184,549 in restitution to the Recording Industry Association of America.  Flick's sentence was later reduced to two years' probation and $60,000 in restitution.  Flick contends he has led an exemplary life following his guilty plea, and he now seeks to purchase a firearm.

---

[1] As an initial matter, we determine that Flick has standing to challenge the constitutionality of § 922(g)(1) even though he has not yet been prosecuted under that statute. Flick has an injury in fact because he is prohibited from possessing a firearm without being subject to prosecution by § 922(g)(1). *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Moreover, that injury is caused by § 922(g)(1) because Flick's home state of Georgia restored his civil and political rights, including the right to bear arms, and the injury would be redressed by a holding that § 922(g)(1) is unconstitutional as applied to Flick. *See id.*

2

He claims that given his law-abiding history since his conviction, § 922(g)(1) violates the Second Amendment as applied to him.

In *United States v. Rozier*, this Court affirmed the rejection of a constitutional challenge to § 922(g)(1), concluding that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." 598 F.3d 768, 771 (11th Cir. 2010). Flick contends that because *Rozier* was a facial constitutional challenge rather than an as-applied challenge, it does not apply to his as-applied challenge. We disagree.

In *Rozier*, we specifically addressed Rozier's individual circumstances as a felon before holding that § 922(g)(1) was a permissible restriction on his Second Amendment right. *See id.* at 770, 772 (assuming that Rozier "possessed the handgun for self-defense" but concluding that "[t]he circumstances surrounding Rozier's possession . . . are irrelevant" because of his status as a felon). Our reasoning in *Rozier* applies equally to Flick's as-applied challenge and thus forecloses it. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("[W]e are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (internal quotation marks omitted)). The district court correctly applied *Rozier* and dismissed Flick's complaint. Accordingly, we affirm the dismissal.

**AFFIRMED.**

3