[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12883

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SENCHEZE DONTAY DUNLAP,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:22-cr-00021-HL-TQL-1

_____

Before BRASHER, ABUDU, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Sencheze Dunlap, proceeding with counsel, appeals his conviction for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he challenges the constitutionality of § 922(g)(1), both facially and as applied to him. Having read the parties' briefs and reviewed the record, we affirm Dunlap's conviction.

## I.

We generally review *de novo* the constitutionality of a statute but review for plain error only where a defendant raises his constitutional challenge to his statute of conviction for the first time on appeal. *United States v. Valois*, 915 F.3d 717, 729 n.7 (11th Cir. 2019) (citing *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010)). The Supreme Court has held that a criminal defendant's guilty plea does not bar a subsequent constitutional challenge to the statute of conviction. *Class v. United States*, 583 U.S. 174, 178, 138 S. Ct. 798, 803 (2018).

An error is plain if the legal rule is clearly established at the time the case is reviewed on direct appeal. *United States v. Henderson*, 409 F.3d 1293, 1307-08 (11th Cir. 2005). If the explicit language of a statute or rule does not resolve an issue, plain error lies only where this court's or the Supreme Court's precedent directly resolves it. *United States v. Moore*, 22 F.4th 1258, 1266 (11th Cir. 2022) (citing *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015)).

Additionally, under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *see also Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) ("Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent . . . ."). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). "In addition to being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.*

## II.

On appeal, Dunlap argues that 18 U.S.C. § 922(g)(1) is facially unconstitutional considering Supreme Court rulings and that the plain text of the Second Amendment covers the possession of firearms by people who are not necessarily law-abiding. In the alternative, Dunlap claims that even if the statute is constitutional, it is unconstitutional as applied to him because there is no historical tradition that supports prohibiting firearm possession by persons with his kind of criminal history. The Second Amendment reads: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Section 922(g) of Title 18 of the

United States Code prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from possessing a firearm or ammunition.  18 U.S.C. § 922(g)(1).

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment right to bear arms presumptively "belongs to all Americans," but is not unlimited.  554 U.S. 570, 581, 626, 128 S. Ct. 2783, 2791, 2816 (2008).  The Supreme Court stated that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  *Id.* at 626, 128 S. Ct. at 2816-17.  In *United States v. Rozier*, we relied on *Heller* in ruling that § 922(g)(1) did not violate the Second Amendment.  598 F.3d 768, 770 (11th Cir. 2010).  In concluding that § 922(g)(1) was constitutional, we recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition."  *Id.* at 771 (citation omitted).

In *N.Y. State Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022), the Supreme Court stated that a court must ask whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment.  *Id.* at 17, 142 S. Ct. at 2126.  If the regulation does govern such conduct, the court will uphold it if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."  *Id.* at 19, 142 S. Ct. at 2127.  The Supreme Court in *Bruen*, as it did in *Heller*,

referenced the Second Amendment rights of "law-abiding, responsible citizens."  *Id.* at 9, 142 S. Ct. at 2122, *Id.* at 26, 142 S. Ct. at 2131, *Id.* at 70, 142 S. Ct. at 2156.

After *Bruen*, we rejected a defendant's Second Amendment challenge to § 922(g)(1).  *United States v. Dubois*, 94 F.4th 1284, 1291-93 (11th Cir. 2024).  We noted that *Bruen*, like *Heller*, repeatedly described the right to bear arms as extending only to "law-abiding, responsible citizens."  *Id.* at 1292-93.  We then determined that *Bruen* did not abrogate our precedent in *Rozier* under the prior panel precedent rule because the Supreme Court made it clear that *Heller* did not cast doubt on felon-in-possession prohibitions, and because the Supreme Court made it clear in *Bruen* that its holding was in keeping with *Heller*.  *Id.* at 1293.  We noted that *Rozier* interpreted *Heller* as limiting the right to "law-abiding and qualified individuals," and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful.  *Id.* We held that, because clearer instruction was required from the Supreme Court before we could reconsider § 922(g)(1)'s constitutionality, we were still bound by *Rozier*, and Dubois's challenge based on the Second Amendment necessarily failed.  *Id.*

## III.

The record demonstrates that the district court did not plainly err in convicting Dunlap under § 922(g)(1) because our binding precedent from *Rozier*, holding that § 922(g)(1) is constitutional, and *Dubois*, confirming the constitutionality of § 922(g)(1) post-*Bruen*, conclusively forecloses his argument.  *Rozier*, 598 F.3d

at 770-71; *Dubois*, 94 F.4th at 1293.  Further, § 922(g)(1) is consistent with the text and history of the Second Amendment and is constitutionally sound.  Dunlap also can cite no authority that would support an as-applied challenge to his § 922(g)(1) conviction.  Accordingly, based on the aforementioned reasons, we affirm Dunlap's conviction.

**AFFIRMED.**