[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10142

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                 Plaintiff-Appellee,

*versus*

THELONIOUS WAYNE KIRBY,

                                                 Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cr-00026-TJC-LLL-1

_____

Before NEWSOM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Thelonious Kirby appeals his conviction for being a convicted felon in possession of a firearm. He argues that 18 U.S.C. § 922(g)(1) violates the Second Amendment and the Commerce Clause. The government has moved for summary affirmance, arguing that, under our binding precedent, § 922(g)(1) is constitutional. After thorough review, we grant the government's motion for summary affirmance.

We review a statute's constitutionality *de novo*. *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010). Summary disposition is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] Under our prior panel precedent rule, we are bound by our prior published decisions that have not been overruled by the Supreme Court or ourselves sitting *en banc*. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

The Second Amendment to the United States Constitution provides that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

shall not be infringed." U.S. Const. amend. II. Under federal law, a person who has been convicted of a crime punishable by more than one year's imprisonment may not possess a firearm or ammunition that has moved through interstate or foreign commerce. 18 U.S.C. § 922(g)(1). We have held that § 922(g)(1)'s prohibition on felon disarmament does not violate the Second Amendment and that § 922(g)(1) is a valid use of the congressional Commerce Clause power. *United States v. McAllister*, 77 F.3d 387, 389–90 (11th Cir. 1996); *Rozier*, 598 F.3d at 770–71.

Kirby's argument -- that 18 U.S.C. § 922(g)(1) violates the Second Amendment and the Commerce Clause -- is foreclosed by our binding precedents. *See McAllister*, 77 F.3d at 389–90; *Rozier*, 598 F.3d at 770–71. Moreover, we recently held that *Rozier* was not abrogated by the Supreme Court's decision in *N.Y. State Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *See United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024). And we are bound by all of our prior published decisions because they have not been overruled by the Supreme Court or ourselves sitting *en banc*. *Romo-Villalobos*, 674 F.3d at 1251. Accordingly, we grant the government's motion for summary disposition, since it is "clearly right as a matter of law" that § 922(g)(1) is constitutional. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**