[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-10247

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEVON MAURICE GRAY,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20258-BB-1

————————————

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Devon Gray appeals his conviction for possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Gray argues that his conviction should be vacated on the ground that § 922(g)(1) facially violates the Second Amendment as interpreted in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

We review the constitutionality of a statute de novo. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). A criminal defendant's guilty plea does not bar a subsequent constitutional challenge to the statute supporting the conviction. *Class v. United States*, 583 U.S. 174, 178 (2018).

The prior-panel-precedent rule requires us to follow a prior panel's holding unless it is overruled by this Court *en banc* or abrogated by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). We have explained that "the intervening Supreme Court case [must] actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.*

In *District of Columbia v. Heller*, the Supreme Court explained that the Second Amendment right to bear arms presumptively

23-10247                Opinion of the Court                3

"belongs to all Americans" but is not unlimited. 554 U.S. 570, 581, 626 (2008). The Court noted that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626.

After the Court's decisions in *Heller* and *McDonald v. City of Chicago,* 561 U.S. 742 (2010), courts of appeals used a two-step framework in assessing Second Amendment challenges: (1) Determine whether the challenged law regulates activity within the scope of the right to bear arms based on its original historical meaning; and (2) if so, apply means-end scrutiny to test the law's validity. *See Bruen*, 597 U.S. at 18–19.

In *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), we addressed the constitutionality of 18 U.S.C. § 922(g)(1), which prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from possessing a firearm or ammunition. We held that statutory restrictions such as § 922(g)(1) "are a constitutional avenue to restrict the Second Amendment right of certain classes of people," including felons. 598 F.3d at 771. Our reasoning did not employ means-end scrutiny; instead, we recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* at 771 (quotation marks omitted). We explained that *Heller* suggested that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.*

And we concluded that Rozier's arguments, such as desiring firearms for the purpose of self-defense, were immaterial because felons *as a class* could be validly excluded from firearm possession under the Second Amendment. *Id*.

Twelve years later in *Bruen*, the Supreme Court replaced *Heller's* means-end scrutiny approach in the Second Amendment context. 597 U.S. at 19. Now, courts must first ask whether the contested firearm regulation covers conduct that falls within the plain text of the Second Amendment. *Id*. at 17. If the regulation governs such covered activity, it should be upheld only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*. at 19. The Supreme Court in *Bruen*, as it did previously in *Heller*, referenced the Second Amendment right as it pertains to "law-abiding, responsible citizens." *Id*. at 26, 38 n.9, 70; *Heller*, 554 U.S. at 635.

In *United States v. Dubois*, we rejected a defendant's Second Amendment challenge to § 922(g)(1). 94 F.4th 1284, 1291–93 (11th Cir. 2024). We held that *Bruen* did not abrogate our precedent in *Rozier* because the Supreme Court made it clear that *Heller* did not cast doubt on felon-in-possession prohibitions and that its holding in *Bruen* was consistent with *Heller*. *Id*. at 1293. We noted that *Rozier* interpreted *Heller* as limiting the Second Amendment right to "law-abiding and qualified individuals" and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful. *Id*. (quotation marks omitted). We

decided that, because clearer instruction was required from the Supreme Court before we could reconsider § 922(g)(1)'s constitutionality, we were still bound by *Rozier* under the prior-panel-precedent rule. *Id*. Dubois's challenge based on the Second Amendment therefore failed. *Id*.

Here, Gray's facial challenge to the constitutionality of § 922(g)(1) fails under de novo review, as it is foreclosed by our holdings in both *Rozier*, which held that § 922(g)(1) does not violate the Second Amendment, and also *Dubois*, which held that *Bruen* did not abrogate *Rozier*. *Rozier*, 598 F.3d at 770–71; *Dubois*, 94 F.4th at 1293.

Recently, the Supreme Court decided *United States v. Rahimi*, where it applied the *Bruen* methodology in evaluating the constitutionality of § 922(g)(8). *See* 144 S. Ct. 1889, 1896, 1898, 1902 (2024). The Supreme Court held that § 922(g)(8) did not facially violate the Second Amendment because regulations prohibiting the misuse of firearms by those who pose a credible threat of harm to others are part of this country's historical tradition. *Id*. at 1896.

Nothing in *Rahimi* conflicts with or abrogates our prior decisions in *Dubois* and *Rozier*. To the contrary, the Supreme Court in *Rahimi* affirmed that the right to bear arms "was never thought to sweep indiscriminately." *Id*. at 1899–1902. Instead, the Court described a historical tradition of firearm regulation that included prohibiting classes of individuals from owning firearms and reiterated the presumptive legality of bans on firearm possession by felons. *Id*. Therefore, clearer instruction is required from the

Supreme Court before we can reconsider the constitutionality of § 922(g)(1).  *See Dubois*, 94 F.4th at 1293.

Since the precedential effect of our decisions in *Dubois* and *Rozier* holding that § 922(g)(1) is constitutional remains intact, we are bound to apply them under the prior-panel-precedent rule. Thus, Gray's challenge to the constitutionality of § 922(g)(1) is foreclosed.  Accordingly, we affirm.

**AFFIRMED.**