[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-10353

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAHEEM MORRISSETTE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00143-JB-MU-1

————————————————

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Raheem Morrissette appeals his conviction for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He challenges the constitutionality of § 922(g)(1)'s prohibition on the possession of firearms by felons. After careful consideration, we affirm.

## I.

A police officer observed a vehicle driven by Morrissette commit a traffic infraction and initiated a traffic stop. During the stop, the officer smelled marijuana coming from the vehicle. He searched the vehicle and found not only marijuana but also a pistol.

Morrissette, who had previous felony convictions, was charged with one count of possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). He initially pleaded not guilty and filed a motion to dismiss the indictment, arguing that the statutory ban on felons possessing firearms violated the Second Amendment. After the district court denied the motion to dismiss, Morrissette pleaded guilty. The district court ultimately imposed a 57-month sentence. This is Morrissette's appeal.

## II.

Ordinarily, when a defendant enters a valid guilty plea, he waives any non-jurisdictional defects in the proceedings. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). But Morrissette's guilty plea did not waive his constitutional challenge to the

statutory prohibition on felons' possession of firearms. *See Class v. United States*, 583 U.S. 174, 181 (2018) (holding that a defendant who pleaded guilty did not waive his Second Amendment challenge to a statute of conviction when the claim did not "contradict the terms of the indictment or the written plea agreement").

We review *de novo* the constitutionality of a statute. *United States v. Gruezo*, 66 F.4th 1284, 1292 (11th Cir. 2023).

## III.

Morrissette challenges the constitutionality of 18 U.S.C. § 922(g)(1), which generally prohibits individuals with felony convictions from possessing firearms. According to Morrissette, this prohibition, both on its face and as applied to him, runs afoul of the Second Amendment.

To assess the constitutionality of the prohibition on felons possessing firearms, we begin with the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Court considered a Second Amendment challenge to a District of Columbia law that barred the private possession of handguns in homes. *Id.* at 635. After considering both the text and history of the Second Amendment, the Court concluded that it conferred on an individual a right to keep and bear arms. *Id.* at 595. The Court ultimately held that the ban on handgun possession in the home violated the Second Amendment. *Id.* at 635. But the Court acknowledged that the right to keep and bear arms was "not unlimited," emphasizing that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms

by felons and the mentally ill." *Id.* at 626. Indeed, the Court labeled such restrictions as "presumptively lawful." *Id.* at 627 n.26.

After *Heller*, we considered a constitutional challenge to § 922(g)(1)'s prohibition on felons' possession of firearms. *See United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010). We held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* at 771.

Several years later, the Supreme Court considered a Second Amendment challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home. *See N.Y. State Rifle & Pistol Ass'n v. Bruen* 597 U.S. 1, 11 (2022). The Court recognized that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. The Court explained that to determine whether a restriction on the possession of firearms was constitutional, a court must begin by asking whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment. *Id.* at 17. If the regulation covers such conduct, the court may uphold it only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. *Bruen* emphasized that *Heller* established the correct test for determining the constitutionality of gun restrictions. *See id.* at 39. And, like *Heller*, *Bruen* described

Second Amendment rights as extending only to "law-abiding, responsible citizens." *Id.* at 26 (internal quotation marks omitted).

Based on *Bruen*, Morrissette challenges § 922(g)(1)'s prohibition on the possession of firearms by felons, arguing that the government failed to carry its burden to demonstrate that felon disenfranchisement is "consistent with the Nation's historical tradition of firearm regulation." Appellant's Br. 9. This argument is foreclosed by precedent.

After *Bruen*, we considered another Second Amendment challenge to § 922(g)(1). *See United States v. Dubois*, 94 F.4th 1284, 1289 (11th Cir. 2024). We held that the challenge was foreclosed by *Rozier*, which "interpreted *Heller* as limiting the [Second Amendment] right to law-abiding and qualified individuals and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id.* at 1293 (internal quotation marks omitted). Although the defendant argued that *Bruen* abrogated our decision in *Rozier*, we observed that even in *Bruen* the Supreme Court continued to describe the right to bear arms as extending only to "law-abiding, responsible citizens." *Id.* (internal quotation marks omitted). We thus concluded that *Bruen* did not abrogate *Rozier*. Because *Rozier* foreclosed a Second Amendment challenge to § 922(g)(1), we affirmed the defendant's conviction. *Id.*

The Supreme Court's recent decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), does not change our analysis. In *Rahimi*, the Court considered a Second Amendment challenge to the federal statute that prohibits an individual who is subject to a

domestic violence restraining order from possessing a firearm when the order includes a finding that he represents a credible threat to the safety of an intimate partner or a child of that partner or individual. *See id.* at 1898 (citing 18 U.S.C. § 922(g)(8)). It held that this firearm restriction was constitutional. And it once again declared that the prohibition on "the possession of firearms by 'felons' . . . [is] 'presumptively lawful.'" *Id.* at 1902 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

*Rahimi* does not displace our holding in *Dubois* that *Bruen* did not abrogate *Rozier*. Under our prior panel precedent rule, an "intervening Supreme Court decision abrogates our precedent only if the intervening decision is both clearly on point and clearly contrary to our earlier decision." *Dubois*, 94 F.4th at 1293 (internal quotation marks omitted). "If the Supreme Court never discussed our precedent and did not otherwise comment on the precise issue before the prior panel, our precedent remains binding." *Id.* (alteration adopted) (internal quotation marks omitted). *Rahimi* did not involve § 922(g)(1) nor did it otherwise comment on the precise issue before us in *Rozier*. Moreover, in *Rahimi*, the Supreme Court once again reiterated, albeit in dicta, that the prohibition "on the possession of firearms by felons . . . [is] presumptively lawful," which greatly undermines Morrissette's position. 144 S. Ct. at 1902 (internal quotation marks omitted).

Under our precedent, Morrissette's Second Amendment challenge to § 922(g)(1) fails. Accordingly, we affirm his conviction.

**AFFIRMED.**