[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10026

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES DEONTE TOLBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cr-00474-ACA-GMB-2

_____

2                    Opinion of the Court                    24-10026

Before NEWSOM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver in James Tolbert's plea agreement is **GRANTED IN PART** as to Tolbert's sentencing challenge. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (sentence appeal waiver will be enforced where "it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances" (quotation marks and brackets omitted)); *United States v. Weaver*, 275 F.3d 1320, 1323-24, 1333 (11th Cir. 2001) (an appeal waiver is enforceable when the waiver was referenced during the plea colloquy and the defendant confirmed that he understood the provision and had entered into it freely and voluntarily).

The Government's motion to dismiss this appeal pursuant to the appeal waiver is **DENIED IN PART** as to Tolbert's challenge to the constitutionality of his statute of conviction, 18 U.S.C. § 922(g)(1), as applied to him. Although the appeal waiver applied to both challenges to Tolbert's conviction and his sentence, during the change-of-plea hearing, the district court focused on the waiver as it applied to sentencing issues. Therefore, we are not satisfied that the record establishes that Tolbert understood that the waiver also applied to challenges to the conviction itself, and we thus

cannot conclude that he knowingly and voluntarily entered into that waiver. Accordingly, we decline to dismiss Tolbert's challenge to his conviction based on the appeal waiver.

Nevertheless, as Tolbert acknowledges in his brief on appeal, his claim that § 922(g)(1) is unconstitutional is foreclosed by our binding precedent. *See United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (holding that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) "did not abrogate" our decision in *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010), which held that § 922(g)(1) did not violate the Second Amendment). Although he asserts that *Rozier* and *Dubois* were wrongly decided, under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Accordingly, we **AFFIRM** Tolbert's conviction.

**MOTION TO DISMISS GRANTED IN PART AND DENIED IN PART; AFFIRMED.**