[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12969

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DUSTIN DEWAYNE GILBERT,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00110-KD-N-1

_____

Before LAGOA, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Dustin Gilbert appeals his conviction for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Gilbert makes one argument on appeal: Section 922(g)(1) violates the Second Amendment as applied to him. Our recent decision in *United States v. Dubois*, __F.4th__, 2025 WL 1553843 (11th Cir. June 2, 2025), forecloses this argument. There, we explained that neither *United States v. Rahimi*, 602 U.S. 680 (2024), nor *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), abrogated our decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), which held that Section 922(g)(1) is constitutional under the Second Amendment. *Dubois*, 2025 WL 1553843, at *5; *see Rozier*, 598 F.3d at 771 ("[S]tatutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class."). As we explained in *Dubois*, "[w]e require clearer instruction from the Supreme Court before we may reconsider the constitutionality of [S]ection 922(g)(1)." *Dubois*, 2025 WL 1553843, at *5. Accordingly, we affirm Gilbert's conviction.

**AFFIRMED.**