[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14227

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC DENNARD PARKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:23-cr-00026-MTT-CHW-1

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Eric Parker appeals his conviction for possession of a firearm by a convicted felon under 18 U.S.C. sections 922(g)(1) and 924(a)(2), arguing that section 922(g)(1) violates the Second Amendment.  Because our precedent forecloses Parker's argument, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Parker sold a pistol to an undercover agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives in October 2021.  Before the sale, Parker had been convicted of thirteen different felonies—including forgery, several cases of shoplifting, obstruction of a law enforcement officer, computer forgery, cocaine possession, theft by taking, fleeing or attempting to elude a police officer, smash and grab burglary, and criminal attempt to commit a felony. A jury indicted Parker for one count of knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. section 922(g)(1), and Parker pleaded guilty  to the charge.  The district court sentenced Parker to twenty-four months' imprisonment followed by thirty-six months' supervised release.

Parker appeals his conviction and argues that section 922(g)(1) is unconstitutional—both facially and as applied to him—because it violates the Second Amendment under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597

U.S. 1 (2022).[1] As Parker concedes, however, our precedent forecloses his argument.

## STANDARD OF REVIEW

We review de novo the constitutionality of a statute. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

## DISCUSSION

"Under our prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019). "To overrule or abrogate a prior panel's decision, the subsequent Supreme Court or en banc decision 'must be clearly on point' and must 'actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel.'" *Id.* (quoting *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009)). If the Supreme Court "never discussed" our precedent and did not "otherwise comment[] on" the precise issue

---

[1] Because Parker didn't raise his constitutional challenge to the district court, he and the government disagree on whether de novo or plain error review is proper. *Compare United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) (holding that the constitutionality of a statute is a jurisdictional issue and applying de novo review), *with United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (reviewing an unpreserved constitutional challenge for plain error). But we don't need to resolve this dispute because there was no error under either standard of review.

before the prior panel, our precedent remains binding. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1238–39 (11th Cir. 2008). To abrogate a prior-panel precedent, "the later Supreme Court decision must 'demolish' and 'eviscerate' each of its 'fundamental props.'" *United States v. Dubois*, 139 F.4th 887, 893 (11th Cir. 2025) (cleaned up) (quoting *Del Castillo v. Sec'y, Fla. Dep't of Health,* 26 F.4th 1214, 1223 (11th Cir. 2022)).

Under section 922(g)(1), it is unlawful for "any person . . . who has been convicted" of a felony to "possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). At the time of Parker's offense, section 924(a)(2) provided that the statutory maximum for a section 922(g)(1) offense was ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2) (2018).

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme Court explained that the Second Amendment right to bear arms presumptively "belongs to all Americans" but is not unlimited. 554 U.S. 570, 581, 626 (2008). The Court noted that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.* at 626.

In *United States v. Rozier*, we considered a constitutional challenge to section 922(g)(1)'s prohibition on felons possessing firearms. 598 F.3d 768, 770–71 (11th Cir. 2010). We held that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," and observed that *Heller* had "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* at 771. *Rozier* further observed that *Heller* had recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* (citing *United States v. White*, 593 F.3d 1199, 1205–06 (11th Cir. 2010)).

Over a decade later, in *Bruen*, the Supreme Court considered a Second Amendment challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home. *See* 597 U.S. at 10–11. In *Bruen*, the Supreme Court recognized that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. The Supreme Court further explained that, in determining whether a restriction on the possession of firearms is constitutional, courts must begin by asking whether the firearm law or regulation at issue governs conduct that falls within the plain text of the Second Amendment right. *Id.* at 17. If the regulation covers such conduct, it survives constitutional scrutiny only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19.

*Bruen* also emphasized that *Heller* established the correct test for determining the constitutionality of gun restrictions. *See id.* at 19, 39. As in *Heller*, *Bruen* again confirmed that the Second Amendment protects the right of "law-abiding citizens" to possess handguns for self-defense. *See, e.g., id.* at 9–10, 71.

After *Bruen* came *United States v. Rahimi*, in which the Supreme Court considered a challenge to the federal law prohibiting individuals subject to domestic violence restraining orders from possessing firearms. 602 U.S. 680, 684–86 (2024); *see also* 18 U.S.C. § 922(g)(8). In applying the *Bruen* history-and-tradition test, the Supreme Court warned that "some courts have misunderstood the methodology of our recent Second Amendment cases," which "were not meant to suggest a law trapped in amber." *Rahimi*, 602 U.S. at 691. *Rahimi* reiterated that a historical analogue "need not be a 'dead ringer' or a 'historical twin'" to establish that a modern regulation "comport[s] with the principles underlying the Second Amendment." *Id.* at 692. (alteration adopted) (quoting *Bruen*, 597 U.S. at 30). And after analogizing to surety and going armed laws from the Founding era, the Court "ha[d] no trouble concluding that [s]ection 922(g)(8) survive[d] Rahimi's facial challenge." *Id.* at 693–699.

Finally, in *Dubois*, we explained that neither *Bruen* nor *Rahimi* had abrogated our decision in *Rozier*, which upheld the constitutionality of 922(g)(1) under the Second Amendment. *See* 139 F.4th at 891–94. Applying our prior-panel-precedent rule in considering the defendant's Second Amendment challenge to his

conviction and sentence under section 922(g)(1), we affirmed, holding that *Rozier* continued to bar Second Amendment challenges to section 922(g)(1) unless and until the Supreme Court offered "clearer instruction." *Id.* at 894. *Rozier*, we made clear, remained binding precedent in this Circuit. *Id.*

Here, Parker hasn't pointed to any decision from this Court or the Supreme Court that overruled or abrogated our decision in *Rozier*, which, as we made clear in *Dubois,* is still binding on us. *See id.* at 892. Because *Rozier* continues to bind us, and there has been no "intervening Supreme Court decision" that is both "clearly on point and clearly contrary to our earlier decision[s]," *id.* at 893–94, *Rozier* continues to bar Second Amendment challenges to section 922(g)(1) like Parker's, *see id.* Parker points to the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024), arguing that *Rahimi* abrogated *Rozier*. But *Dubois* made clear that *Rahimi* didn't abrogate *Rozier* and that *Rozier* remains binding precedent in this Circuit until we receive "clearer instruction from the Supreme Court." *See Dubois*, 139 F.4th at 894. That means Parker's Second Amendment challenge to section 922(g)(1) fails.

**AFFIRMED.**