[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17061

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60103-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ROZIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 4, 2010)

Before WILSON and COX, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

_____

[*]Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

Christopher Rozier appeals his conviction and sentence under 18 U.S.C. § 922(g)(1) for possession of a firearm and ammunition by a convicted felon. Rozier challenges the constitutionality of the statute and his sentence. We find that United States Supreme Court and Eleventh Circuit precedent clearly states that both Rozier's conviction and sentence are constitutional. Therefore, we affirm.

## I.

Christopher Rozier has spent a considerable part of his life in the criminal justice system. The result of this life experience is that by October 13, 2007, Rozier was a convicted felon with several felony drug convictions to his credit.[1] One of the collateral consequences of being convicted of a state or federal felony is that felons are precluded by federal law from possessing any type of firearm.[2] On October 13, 2007, Rozier violated this prohibition.

It was on that day that Eenie Austin, the mother of Rozier's child, arrived at Rozier's house in Pompano Beach, Florida. Austin found Rozier and his current girlfriend, Erica Williams, in a heated argument wherein Williams was holding a

---

[1]On October 18, 2001, Rozier pled guilty to: Delivery of Cocaine (offense date of June 29, 2001); two counts of Delivery of Cocaine (offense date of July 27, 2001); and Delivery of Cannabis (offense date of July 27, 2001). On January 6, 2004, Rozier pled guilty to Possession of Cocaine (offense date of October 15, 2003).

[2]"It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

butcher knife to Rozier.  At some point, Austin and Rozier began to argue, and Austin hit Rozier in the face with a cement statue.  Rozier responded by pulling out a handgun.  Rozier claims the handgun was for self-defense.

The Broward County Sheriff's Office executed a search warrant on Rozier's house later that day.  Upon searching the residence, deputies discovered crack cocaine, marijuana, $7,000, and ammunition.  A .38 caliber revolver was found buried in a shallow hole in the backyard.  Rozier was subsequently convicted of possession of a firearm and ammunition by a convicted felon pursuant to 18 U.S.C. § 922(g)(1).  Rozier appeals his conviction and sentence.

## II.

Challenges to the constitutionality of a statute are reviewed *de novo*.  *See United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009) (citation omitted).  Rozier's constitutional challenges to his sentence are reviewed *de novo*.  *See United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005).

## III.

*A.    Section 922(g)(1) is Constitutional*

Rozier challenges his conviction on the grounds that § 922(g)(1) is an unconstitutional invasion upon his Second Amendment right to bear arms.  Rozier relies on the Supreme Court's recent ruling in *District of Columbia v. Heller*,

wherein the Court held that "the Second Amendment conferred an individual right to keep and bear arms."   554 U.S. __ , 128 S. Ct. 2783, 2799 (2008).  Heller was a law enforcement officer in the District of Columbia who was allowed to carry a handgun while on duty.  *Id.* at 2788.  However, Heller was not allowed to register a handgun to keep in his D.C. home because of D.C.'s strict bar on handguns.[3]  *Id.* The Supreme Court held that D.C.'s complete ban on handgun possession in the home, by law-abiding citizens, was an unconstitutional infringement of the Second Amendment that would not survive any level of scrutiny.[4]  *Id.* at 2817–18.

One of the major thrusts of the Court's ruling was "the inherent right of self-defense . . . central to the Second Amendment right." *Id.* at 2817.  Rozier argues that his case parallels the facts in *Heller*, in that his possession of a handgun was in the home and for the purposes of self-defense.  For the purposes of this appeal, we accept Rozier's assertion that he possessed the handgun for self-defense; however, the motive behind Rozier's possession of the handgun is irrelevant.  We find 18 U.S.C. § 922(g)(1) to be constitutional, even if a felon possesses a firearm purely

---

[3]D.C. effectively prohibited its residents from legally keeping handguns in their homes by requiring all firearms to be registered but then denying all handgun registration applications. *Heller*, 128 S. Ct. at 2788.

[4]"Under any of the standards of scrutiny that we have applied to enumerated constitutional rights, banning from the home the most preferred firearm in the nation to keep and use for protection of one's home and family would fail constitutional muster." *Heller*, 128 S. Ct. at 2817–18 (citation and internal quotation marks omitted).

4

for self-defense.

"Like most rights, the right secured by the Second Amendment is not unlimited." *Id*. When issuing its ruling and settling the actual case and controversy at issue, *Heller* stated, "[a]ssuming that Heller *is not disqualified* from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home." *Id*. (emphasis added). This indicates that the first question to be asked is not whether the handgun is possessed for self-defense or whether it is contained within one's home, rather the initial question is whether one is *qualified* to possess a firearm. In Rozier's case, the most relevant modifier, as to the question of qualification, is "felon."

Prior to taking into account Rozier's purpose for possessing the handgun, we must determine whether he is qualified to possess a handgun. Rozier's Second Amendment right to bear arms is not weighed in the same manner as that of a law-abiding citizen, such as the appellant in *Heller*. While felons do not forfeit their constitutional rights upon being convicted, their status as felons substantially affects the level of protection those rights are accorded.[5]

---

[5] *See McKune v. Lile*, 536 U.S. 24, 38, 122 S. Ct. 2017, 2027 (2002) ("[L]awful conviction and incarceration necessarily place limitations on the exercise of a defendant's privilege against self-incrimination."); *Jones v. Helms*, 452 U.S. 412, 419, 101 S. Ct. 2434, 2440 (1981) (the fundamental right to travel may be restricted, such as when "a person has been

The Court made this clear when it referred to those "disqualified from the exercise of Second Amendment rights." *Id*. *Heller* stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."[6] *Id*. This language suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment. Recently, in *United States v. White*, we held that *Heller* recognized § 922(g)(1) as "a presumptively lawful longstanding prohibition." *White*, 11th Cir. 2010, __ F.3d __, *5 (No. 08-16010, January 11, 2010).

Thus, statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of

---

convicted of a crime within a State."); *Bell v. Wolfish*, 441 U.S. 520, 545–46, 99 S. Ct. 1861, 1877 (1979) ("[S]entenced prisoners enjoy freedom of speech and religion . . . they are protected against invidious discrimination on the basis of race . . . they may claim the protection of the Due Process Clause." However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." (citation omitted)); *Richardson v. Ramirez*, 418 U.S. 24, 54–56, 94 S. Ct. 2655, 2671 (1974) (finding that a state law disenfranchising felons was constitutional because the Fourteenth Amendment affirmatively sanctions, but does not mandate, disenfranchisement on the basis of criminal conviction).

[6]Rozier argues that this language in *Heller* is merely dicta and we should not give it full weight of authority. First, to the extent that this portion of *Heller* limits the Court's opinion to possession of firearms by *law-abiding* and *qualified* individuals, it is not dicta. *See Denno v. Sch. Bd. of Volusia Cty., Fla.*, 218 F.3d 1267, 1283 (11th Cir. 2000) ("*Dictum* may be defined as a statement *not necessary* to the decision and having no binding effect." (emphasis added)). Second, to the extent that this statement is superfluous to the central holding of *Heller*, we shall still give it considerable weight. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 n.4 (11th Cir. 1997) ("[D]icta from the Supreme Court is not something to be lightly cast aside.").

6

people. Rozier, by virtue of his felony conviction, falls within such a class. Therefore, the fact that Rozier may have possessed the handgun for purposes of self-defense (in his home), is irrelevant.

B. *Rozier Was Properly Sentenced by the District Court*

Rozier was sentenced to 210 months' imprisonment for violation of § 922(g)(1). According to 18 U.S.C. § 924(a)(2), the basic maximum sentence for a violation of § 922(g)(1) is 120 months' imprisonment. However, Rozier had previously been convicted of at least three serious drug offenses on different occasions, and "[i]n the case of a person who violates section 922(g)(1) of this title and has three previous convictions . . . for a . . . serious drug offense, . . . such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Rozier argues that because these prior convictions were not included within the indictment, nor proven to a jury, any sentence over the 120-month maximum of § 924(a)(2) is unconstitutional. This argument runs contrary to the established law of the Supreme Court and this Circuit. *See Almendarez-Torres v. United States*, 523 U.S. 224, 230–35, 118 S. Ct. 1219, 1224–26 (1998) (concluding that subsections such as § 924(e)(1), which substantially increase the maximum penalty for persons with prior convictions, are penalty provisions and do not define a separate crime that must be proven beyond a reasonable doubt to a jury). Thus, it

7

was enough that the district judge, at sentencing, found that Rozier had in fact been convicted of three or more prior serious drug offenses.

Rozier also contends that his sentence was in error because the district judge sentenced him to more than fifteen years' imprisonment. Rozier argues § 924(e)(1) must be interpreted to have a maximum sentence of fifteen years because it does not explicitly state a maximum sentence, but rather only says "not less than fifteen years." However, we have ruled directly on this subject and found that the maximum penalty, for convictions covered by the § 924(e) sentencing enhancement, is life imprisonment. *United States v. Brame*, 997 F.2d 1426, 1429 (11th Cir. 1993). We find no merit to this argument.

## IV.

We find § 922(g)(1) is a constitutional restriction on Rozier's Second Amendment right. The circumstances surrounding Rozier's possession of a firearm in violation of § 922(g)(1) are irrelevant. Finally, Rozier's sentence was constitutional and in accord with our precedent.

**AFFIRMED.**