[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-11604

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LORENZO GAROD PIERRE,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20321-JEM-1

————————————

2                     Opinion of the Court                     23-11604

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Lorenzo Pierre appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), arguing that § 922(g)(1) is unconstitutional as applied to his case, in light of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), because it violates the Second Amendment and is inconsistent with this nation's tradition of firearms regulations.

In *United States v. DuBois*, No. 22-10829, manuscript op. at 9-15 (11th Cir. 2024), we explicitly rejected this argument and ruled that our prior precedent in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), in which we upheld the constitutionality of § 922(g)(1), remains good law. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." (citing *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997))). As such, Pierre's argument fails, and his conviction is **AFFIRMED.**