[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10926

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRANDON DALE HAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20198-KMW-1

_____

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Brandon Dale Hayes appeals his conviction and 100-month sentence for possession of a firearm by a convicted felon. He argues that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional under the Second Amendment and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). And he argues that the district court plainly erred in calculating his sentencing range under the U.S. Sentencing Guidelines. We affirm his conviction but vacate his sentence and remand for resentencing.

Hayes's argument that § 922(g)(1) violates the Second Amendment is foreclosed by our decisions in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), and *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024). In *Rozier*, we held that § 922(g)(1)'s prohibition on the possession of firearms by felons did not violate the Second Amendment. 598 F.3d at 771. And in *Dubois*, we held that *Rozier* remained binding precedent in this Circuit after the Supreme Court's decision in *Bruen*. 94 F.4th at 1292–93.

The Supreme Court's more recent decision in *United States v. Rahimi* likewise did not abrogate *Dubois* or *Rozier*, because it did not "demolish" or "eviscerate" the "fundamental props" of those precedents. *Id.* at 1293; *see United States v. Rahimi*, 144 S. Ct. 1889 (2024). *Rahimi* did not discuss § 922(g)(1) at all, nor did it undermine our prior decisions relying on *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). To the contrary, *Rahimi* reiterated that

prohibitions "like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi*, 144 S. Ct. at 1902 (quoting *Heller*, 554 U.S. at 626). Because we remain bound by our prior precedents, we reject Hayes's Second Amendment challenge and AFFIRM his conviction. *See Dubois*, 94 F.4th at 1293.

But we agree with both parties that the district court plainly erred in calculating Hayes's Sentencing Guidelines range. Specifically, the district court erred by adding three criminal history points for Hayes's 2009 Massachusetts conviction for possession of marijuana for distribution. Under the Guidelines in effect at the time of sentencing, the court should not have added any criminal history points for the 2009 conviction because Hayes's sentence for that offense did not exceed one year and one month, and the sentence was imposed more than ten years before Hayes committed the instant offense. U.S.S.G. §§ 4A1.1(a); 4A1.2(e)(2)–(3) (2021). This mistake in tallying Hayes's criminal history points led to a miscalculation of his Guidelines sentencing range, so that the district court considered an incorrect, substantially higher Guidelines range when determining his sentence.

We will exercise our discretion to correct this unpreserved error because (1) the error was plain, (2) there is a reasonable probability that the error led to the imposition of a higher sentence than Hayes otherwise would have received, and (3) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 578 U.S. 189, 194, 200–01 (2016) (quotation omitted); *see Rosales-Mireles v. United States*,

4                    Opinion of the Court                    23-10926

585 U.S. 129, 139–40 (2018).  We therefore VACATE Hayes's sentence and REMAND for resentencing.

**AFFIRMED   IN   PART   AND   VACATED   AND REMANDED IN PART.**