[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13149

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

*versus*

ENRIQUE DIAZ,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20504-RKA-1

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Enrique Diaz appeals his sentence of 151 months' imprisonment followed by three years of supervised release for distributing cocaine in violation of 21 U.S.C. § 841(a)(1).  His appeal rests on four grounds.  First, Diaz argues that the district court erroneously applied the career-offender enhancement under U.S.S.G. § 4B1.1.  Second, he contends that the district court erred in applying a two-level enhancement for maintaining a premises for the distribution of drugs under U.S.S.G. § 2D1.1(b)(12).  Third, he asserts that the district court plainly erred in denying him a two-level reduction under U.S.S.G. § 2D1.1(b)(18) for meeting the safety-valve criteria in § 5C1.2(a).  And fourth, he maintains that his sentence is procedurally and substantively unreasonable because the district court did not properly weigh the 18 U.S.C. § 3553(a) factors and created a sentencing disparity between him and similarly situated defendants.  Diaz prevails on none of these grounds, so we affirm his sentence.

## I

We first consider whether the district court erred in applying the career-offender enhancement under U.S.S.G. § 4B1.1.[1]  A defendant qualifies as a career offender, subjecting him to enhanced

---

[1] We review a district court's application of the sentencing guidelines de novo.  *See United States v. Amedeo*, 370 F.3d 1305, 1312 (11th Cir. 2004).

offense levels, if his present offense is a controlled-substance offense and he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Specifically, the prior felony convictions that count toward the career-offender enhancement are those with a "sentence of imprisonment exceeding one year and one month that w[ere] imposed within fifteen years of the defendant's commencement of the instant offense." *Id*. § 4A1.2(e)(1). The definition of "controlled substance offense" includes offenses under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibit the possession of a controlled substance with intent to distribute or dispense. *Id*. § 4B1.2(b). Prior sentences "are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." *Id*. § 4A1.2(a)(2).

While this appeal was pending, this Court ruled in *United States v. Dubois* "that a 'controlled substance' under section 4B1.2(b)'s definition of 'controlled substance offense' is, for prior state offenses, a drug regulated by state law at the time of the conviction, even if it is not federally regulated, and even if it is no longer regulated by the state at the time of federal sentencing." 94 F.4th 1284, 1300 (11th Cir. 2024), *vacated by Dubois v. United States*, 145 S. Ct. 1041 (2025), *and reinstated by United States v. Dubois*, No.

22-10829, 2025 WL 1553843 (11th Cir. June 2, 2025).[2]  Accordingly, we held that the district court did not err in enhancing the defendant's sentence under U.S.S.G. § 2K2.1(a)(4)(A), which provides an enhanced base offense level for certain crimes based on a predicate controlled substance offense, because "Georgia law regulated marijuana—including hemp—at the time of Dubois's 2013 conviction." *Id.*

At the time of Diaz's 2006 and 2007 cocaine-related convictions, Florida law prohibited selling, manufacturing, delivering, or possessing with the intent to sell, manufacture, or deliver, "a controlled substance." Fla. Stat. § 893.13(1) (2006); *see also id.* (2007). Florida law defined "[c]ontrolled substance" as any substance named or described in Schedules I–V of § 893.03. *Id.* § 893.03 (2006); *see also id.* (2007). Florida's Schedule II included "[c]ocaine or ecgonine, including any of their stereoisomers, and any salt, compound, derivative, or preparation of cocaine or ecgonine." *Id.* § 893.03(2)(a)(4) (2006); *see also id.* (2007). This definition encompassed ioflupane because the Florida Legislature has since

---

[2] The Supreme Court subsequently granted certiorari, vacated our judgment, and remanded the case "for further consideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024)." *Dubois*, 145 S. Ct. at 1041–42. On remand, we held that *Rahimi* did not abrogate our holding in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), that 18 U.S.C. § 922(g)(1)'s ban on felon firearm possession was permitted under the Second Amendment, and we "reinstate[d] our previous opinion and affirm[ed] [the defendant's] convictions and sentence." *Dubois*, 2025 WL 1553843, at *1; *see also id.* at *2 (observing that the non-Second-Amendment issues "were not re-briefed" and "reinstat[ing] our prior opinion as to those issues").

amended Florida's Schedule II to expressly exempt ioflupane from that definition. *See id.* (2017).

Here, the district court did not err in finding that Diaz's prior cocaine offenses were "controlled substance offenses" under U.S.S.G. § 4B1.2(b) and consequently applying a heightened offense level under § 4B1.1 because, as this Court held in *Dubois*, sentencing courts must look to state law at the time of the prior state conviction to determine whether a drug is a controlled substance. 94 F.4th at 1300. Because Florida law regulated cocaine, including ioflupane, at the time of Diaz's prior convictions, his prior convictions qualify as "controlled substance offenses" under U.S.S.G. § 4B1.2(b). The district court also correctly counted Diaz's 2006 and 2007 convictions as two separate offenses because they were separated by intervening arrests, he was sentenced to 18 months' imprisonment for each conviction, and the sentences were imposed within 15 years of the instant offense. *See* U.S.S.G. §§ 4A1.2(a)(2), (e)(1).

In short, the district court did not err in applying the career-offender enhancement under U.S.S.G. § 4B1.1.

## II

We next consider whether the district court erred in applying a two-level sentencing enhancement under U.S.S.G.

§ 2D1.1(b)(12) based on its finding that Diaz maintained a premises for the manufacture or distribution of drugs.[3]

A two-level enhancement applies to the offense level for a drug conviction if the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance. U.S.S.G. § 2D1.1(b)(12).  This enhancement applies so long as drug manufacturing or distribution is a primary use of the premises— even if the premises serve other purposes, like being a residence. *United States v. Rodriguez*, 75 F.4th 1231, 1243 (11th Cir. 2023).  In determining whether the premises enhancement applies, courts consider how frequently the premises were used for manufacturing or distributing drugs versus for other purposes.  *Id.*

In *Rodriguez*, we held that the district court did not clearly err in applying the premises enhancement because law enforcement discovered packaging and equipment for drug distribution during trash pulls outside the defendant's house—and because, during a search of the house, officers found the defendant trying to flush pills down the toilet and found drugs, $50,000 in cash, a chemical mask, as well as two scales.  *Id.*  Similarly, in *United States v. George*, this Court held that the district court did not clearly err in

---

[3] Our standard of review is clear error.  *See United States v. George,* 872 F.3d 1197, 1205 (11th Cir. 2017).  A factual finding is clearly erroneous when, upon review of the evidence, we are left with a definite and firm conviction that a mistake has been made.  *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015).  The government bears the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence.  *Id.*

applying the premises enhancement to the defendant's barber shop because witnesses testified and described heat sealing machines, equipment for packaging and distributing drugs, and marijuana in the back of the salon. 872 F.3d 1197, 1206 (11th Cir. 2017). *George* also held that the premises enhancement was appropriate as to the defendant's apartment because a witness testified that he had once purchased multiple pounds of marijuana at the defendant's apartment and because the defendant had packaging equipment, scales, heat-sealing machines, and firearms in the apartment. *Id.*

Here, the record reflects considerable evidence of drug activity at Diaz's home—including the presence of drugs, firearms, a currency counter, U.S. currency, and four drug sales to a confidential source from the premises. These facts amply support the district court's conclusion that drug trafficking was one of the primary uses of Diaz's home. The district court thus did not clearly err in applying the premises enhancement.

## III

We now turn to whether the district court plainly erred in denying Diaz a two-level reduction under U.S.S.G. § 2D1.1(b)(18) for meeting the safety-valve criteria in § 5C1.2(a).[4]

---

[4] Diaz did not raise this issue in the district court, so we review it for plain error. Under that standard, Diaz must show that: (1) an error occurred; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness of the judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 731–32 (1993).

Section 2D1.1 states that for drug offenses, the court should apply a two-level reduction if a defendant meets the safety-valve criteria in U.S.S.G. § 5C1.2. U.S.S.G. § 2D1.1(b)(18). At the time of Diaz's sentencing, one of the five criteria under § 5C1.2(a) was that "the defendant does not have more than 1 criminal history point." U.S.S.G. § 5C1.2(a)(1) (2021). While this appeal was pending, § 5C1.2(a)(1) was amended to reflect amendments to 18 U.S.C. § 3553(f), the criteria of which § 5C1.2(a)(1) restates. *See* U.S.S.G. § 5C1.2(a) (2023); 18 U.S.C. § 3553(f); *United States v. Pulsifer*, 601 U.S. 124, 128–29 (2024). Section 5C1.2(a)(1) now provides, as relevant here, that a defendant must not have "(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense . . . ; (B) a prior 3-point offense . . . ; and (C) a prior 2-point violent offense." U.S.S.G. § 5C1.2(a)(1) (2024). In *Pulsifer*, the Supreme Court held that defendants who possess any one of these three elements are disqualified from safety-valve relief. 601 U.S. at 153.

As he concedes on appeal, Diaz is ineligible for the § 2D1.b(18) offense-level reduction for meeting the safety-valve criteria in § 5C1.2(a)—both under the Guidelines in effect at the time of his sentencing and under the amended Guidelines—because he has more than four qualifying criminal-history points and a prior three-point offense. U.S.S.G. § 5C1.2(a)(1) (2021); *Pulsifer*, 601 U.S. at 153. The district court thus did not err—much less plainly err—in denying Diaz the two-level reduction.

## IV

Finally, we address whether Diaz's sentence is procedurally or substantively unreasonable.[5] A sentence is procedurally unreasonable if the district court improperly calculated the guideline range, failed to consider the § 3553(a) factors, relied on erroneous facts, or failed to adequately explain its chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court's explanation of its chosen sentence must be sufficient for us to determine that it considered the parties' arguments and had a reasoned basis for imposing the sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

A district court imposes a substantively unreasonable sentence "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (citation modified). The court "commits a clear error of judgment when it weighs the § 3553(a) sentencing factors unreasonably." *Id.* Under 18 U.S.C. § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to

---

[5] We review objections to procedural and substantive reasonableness under a deferential abuse-of-discretion standard that considers the totality of circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing its unreasonableness. *United States v. Boone*, 97 F.4th 1331, 1338–39 (11th Cir. 2024).

promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. In addition, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id.* The district court need not give all the factors equal weight and has discretion to attach greater weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). When a district court correctly calculates and carefully reviews the guideline range, the court has "necessarily [given] significant weight and consideration to the need to avoid unwarranted disparities." *Gall*, 552 U.S. at 54. We ordinarily expect sentences within a defendant's guideline range to be reasonable. *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).

Diaz's sentence is neither procedurally nor substantively unreasonable. As explained above, the district court did not err in applying the career-offender enhancement, *supra* at 2–6, so Diaz's only ground for procedural unreasonableness is without merit. On the substantive front, Diaz's 151-month sentence was at the low end of the guideline range—and well below the statutory maximum of 20 years. The district court did not abuse its discretion in weighing the factors of deterrence and protecting the public from future crimes more heavily than Diaz's mental health, personal and family history, and background. *Rosales-Bruno*, 789 F.3d at 1254. And by correctly calculating and carefully reviewing the guideline range, the district court also necessarily gave sufficient weight and

22-13149            Opinion of the Court            11

consideration to the need to avoid unwarranted disparities. *See Gall*, 552 U.S. at 54.

In sum, Diaz's sentence was neither procedurally nor substantively unreasonable.

★ ★ ★

Diaz succeeds on none of his grounds for appeal.  We thus **AFFIRM** his sentence.

**AFFIRMED**.