[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-12694

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID ALEXANDER BROWN,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00230-TFM-MU-1

————————————

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

David Brown appeals his conviction for knowingly possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). He argues that section 922(g)(1) is unconstitutional as applied to him under the Second Amendment. Based on our recent decision in *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025), we affirm.

We review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). In *United States v. Dubois*, 94 F.4th 1284, 1291–93 (11th Cir. 2024), we held that *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), did not abrogate our holding in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), that section 922(g)(1) does not violate the Second Amendment. While Brown's appeal was pending, the Supreme Court granted certiorari, vacated our decision in *Dubois*, and remanded for further consideration in the light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *Dubois v. United States*, 145 S. Ct. 1041, 1042 (2025). On remand, we rejected the argument Brown now raises on appeal—that *Bruen* and *Rahimi* abrogated our holding in *Rozier*. *Dubois*, 139 F.4th at 893–94. And we reject Brown's argument that *Dubois* and *Rozier* do not bar as-applied challenges to the constitutionality of section 922(g)(1). In *Rozier*, we held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second

24-12694                Opinion of the Court                3

Amendment." *Rozier*, 598 F.3d at 770–72 (accepting that Rozier "possessed the handgun for self-defense" but concluding that "[t]he circumstances surrounding Rozier's possession . . . are irrelevant" due to his felony conviction).

We **AFFIRM** Brown's conviction.