[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10227

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEVIN DEANE JONES,
a.k.a. Kevin Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00021-WWB-LHP-1

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges

PER CURIAM:

In our prior opinion in this case—a copy of which is attached—we upheld Kevin Jones' convictions and sentences (pursuant to guilty pleas) under 18 U.S.C. § 175(b) (possession of a biological agent and delivery system) and 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon). *See United States v. Jones*, 2024 WL 1554865 (11th Cir. April 10, 2024) (*Jones I*). The Supreme Court subsequently granted Mr. Jones' petition for certiorari, vacated our judgment, and remanded for reconsideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *See United States v. Jones*, 145 S.Ct. 432 (2024) (*Jones II*).

As relevant for the remand, we previously rejected Mr. Jones' Second Amendment challenge to his § 922(g)(1) conviction, a challenge which was based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We did so because we were bound by the earlier panel decision in *United States v. Dubois*, 94 F. 4th 1284 (11th Cir. 2024) (*Dubois I*), which ruled that *Bruen* did not abrogate Eleventh Circuit precedent (e.g., *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010)) holding that § 922(g)(1) is constitutional under the Second Amendment.

Following the remand in this case, the Supreme Court vacated our decision in *Dubois* I—the case we had relied on in affirming Mr. Jones' § 922(g)(1) conviction—and remanded that case for reconsideration in light of *Rahimi*. *See Dubois v. United States*, 145

S.Ct. 1041 (2025) (*Dubois II*).  The *Dubois* panel on remand again rejected the Second Amendment challenge to § 922(g)(1), holding that *Rahimi*, like *Bruen*, "did not abrogate our holding in *Rozier* that [§] 922(g)(1) is constitutional under the Second Amendment." *United States v. Dubois*, ___ F. 4th ___, 2025 WL 1553843, at *1 (11th Cir. June 2, 2025) (*Dubois III*).

We again affirm Mr. Jones' felon-in-possession conviction. We are bound by *Dubois III*, which forecloses Mr. Jones' Second Amendment argument.

As to the other issues Mr. Jones raised on appeal, we adopt and incorporate the analysis and rulings from our prior decision.  *See Jones I*, 2024 WL 1554865, at *1-*2.

**AFFIRMED.**