[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10426

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSHUA CORBIN GRANGER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:23-cr-00002-HL-TQL-1

————————————————

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Joshua Corbin Granger appeals his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the district court improperly admitted two Facebook posts and five video excerpts as rebuttal evidence. He also asserts that § 922(g)(1) is unconstitutional under the Second Amendment, both facially and as applied to him. After careful review, we reject both arguments and affirm.

**I**

Mr. Granger first asserts that the district court abused its discretion in admitting two of his Facebook posts and five video excerpts from his post-arrest interview as rebuttal evidence. Reviewing for abuse of discretion, *see United States v. Pon*, 963 F.3d 1207, 1221 (11th Cir. 2020), we detect no error in the admission of the Facebook posts or the first, third, and fourth video clips.

"The purpose of rebuttal evidence is to explain, repel, counteract, or disprove the evidence of the adverse party, and the decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge." *United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004) (en banc) (quotation marks and alteration omitted). *See also United States v. Hall*, 653 F.2d 1002, 1006 (5th Cir. Unit A Aug. 1981) ("The underlying rationale is that when the defendant has opened the door to a line of testimony by presenting

evidence thereon, he cannot object to the prosecution's accepting the challenge and attempting to rebut the proposition asserted.").

Mr. Granger was arrested after he led officers on a high-speed chase during a traffic stop. In his car, officers later found a bookbag that contained a gun. A federal grand jury charged Mr. Granger with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and he proceeded to trial.

During his case-in-chief, Mr. Granger called Azia Moore, his wife, and Mishee Jackson, the mother of his child, to establish that he was not involved in purchasing the gun or renting the car he was driving, that he only drove the car alone with the gun inside for one day, and that he was unaware the gun was in the car. By introducing Ms. Jackson's and Ms. Moore's testimony, Mr. Granger opened the door for the government to introduce rebuttal evidence showing that he played a larger role in renting the car and obtaining the gun, and that it was unlikely that he was unaware that the gun was in the car.

The government introduced the following rebuttal evidence.

First—admitted over Mr. Granger's objection—were several Facebook posts that Mr. Granger made before his arrest: (1) "Can you rent a car with a Chime card"; (2) "Anybody got a credit card that can rent me a car I'll pay"; and (3) "Anybody going to the gun show."

4                    Opinion of the Court                    24-10426

Second, the government introduced, again over Mr. Granger's objection, the following five clips of Mr. Granger's recorded post-arrest interview:

1. 7:00 to 10:00 minute mark: Mr. Granger said that his wife "always obeys the law," that she purchased the gun from a store, and that he no longer lived with her.
2. 11:35 to 14:15 minute mark: Mr. Granger talked about his relationship with Ms. Jackson. He said that he did not know when she rented the car, but he knew that she rented it in Orlando.
3. 15:45 to 16:20 minute mark: Mr. Granger said that he drove to Ashburn, Georgia, to visit Jalissa Frederick, the mother of his child, and go shopping with her.
4. 20:30 to 21:40 minute mark: Mr. Granger said that he drove to Ms. Frederick's home on a Monday and was arrested on Wednesday, which directly contradicted Ms. Moore's testimony that he only had the car alone for one day.
5. 23:00 to 25:50 minute mark: Mr. Granger recited Ms. Frederick's name, address, and phone number.

The Facebook posts tended to show that Mr. Granger wanted to rent a car to attend a gun show. The first video clip, in which Mr. Granger said that he no longer lived with his wife, contradicted Ms. Moore's testimony that he lived with her "full-time," casting doubt on Mr. Granger's assertion that the primary purpose for renting the car was to facilitate his wife's shopping trips for clothes and groceries. The third and fourth video clips, in which Mr. Granger said that he used the car to visit Ms. Frederick's

home—and was gone for two full days before he was arrested—directly contradicted Ms. Moore's testimony that Mr. Granger was alone in the car with the gun for only one day before he was arrested. After opening the door to this rebuttal evidence, Mr. Granger cannot now complain that the government walked through that door and rose to the challenge he presented. *See Frazier*, 387 F.3d at 1269; *Hall*, 653 F.2d at 1006. The district court did not abuse its discretion in allowing the first, third, and fourth video clips on rebuttal.

The same cannot be said for the admission of the second and fifth video clips. Mr. Granger's statements in these two clips did not contradict the testimony of Ms. Jackson or Ms. Moore. There was no dispute as to who rented the car, or where or when it was rented. Nor was there any dispute that Ms. Frederick lived in Ashburn, Georgia. These two clips, therefore, were not proper rebuttal evidence.

But "an abuse of discretion does not warrant reversal where the resulting error was harmless." *Pon*, 963 F.3d at 1221 (quotation marks omitted). And an evidentiary error is harmless "unless there is a reasonable likelihood that it affected the defendant's substantial rights." *United States v. Gregory*, 128 F.4th 1228, 1251 (11th Cir. 2025) (citation and alteration omitted). Here the error was harmless. The facts taken from the second and fifth video clips were not probative as to the critical issue at trial: whether Mr. Granger knew that the gun was in the car. *See Pon*, 963 F.3d at 1221. Nor were they inflammatory or unfairly prejudicial.

## II

Mr. Granger next challenges the constitutionality of § 922(g)(1), which prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from possessing a firearm. Because this argument is being raised for the first time on appeal, our review is for plain error. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

Mr. Granger argues that this prohibition runs afoul of the Second Amendment, both facially and as applied to him. But that argument fails because it is foreclosed by this Circuit's recent precedent. *See United States v. Dubois*, 139 F.4th 887, 892–94 (11th Cir. 2025) (concluding that neither *United States v. Rahimi*, 602 U.S. 680 (2024), nor *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), abrogated this court's holding in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), that § 922(g)(1) is constitutional under the Second Amendment). [1]

Given our binding decisions in *Dubois* and *Rozier*, we affirm Mr. Granger's conviction under § 922(g)(1).

## III

Mr. Granger's conviction under 18 U.S.C. § 922(g)(1) is not prohibited by the Second Amendment, and the district court did not abuse its discretion in admitting the challenged Facebook posts

---

[1] Mr. Granger filed a motion to hold his case in abeyance pending this court's revised decision in *Dubois*. That motion is GRANTED.

24-10426              Opinion of the Court                    7

and three of the five challenged video excerpts. Any error in admit-
ting the second and fifth video excerpts was harmless.

**AFFIRMED.**