**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-10142

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

THELONIOUS WAYNE KIRBY,

*Defendant- Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cr-00026-TJC-LLL-1

————————————————

**ON REMAND FROM THE SUPREME COURT OF THE
UNITED STATES**

Before NEWSOM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

This appeal on remand from the Supreme Court requires us to decide whether *United States v. Rahimi*, 144 S. Ct. 1889 (2024), abrogated our decision in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), upholding the federal law that bars felons from possessing firearms and ammunition, *see* 18 U.S.C. § 922(g)(1). On remand and following this Court's binding precedent in *United States v. Dubois*, 139 F.4th 887, 893 (11th Cir. 2025), we conclude that *Rahimi* did not abrogate our holding in *Rozier* that section 922(g)(1) is constitutional under the Second Amendment. We reinstate our previous opinion and affirm Thelonious Kirby's sentence.

Kirby appeals his conviction for being a convicted felon in possession of a firearm. He argues that 18 U.S.C. § 922(g)(1) violates the Second Amendment and the Commerce Clause. The government has moved for summary affirmance, arguing that, under our binding precedent, § 922(g)(1) is constitutional.

We review a statute's constitutionality *de novo*. *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010). Summary disposition is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] Under our prior panel precedent rule, we are bound by our prior published decisions that have not been

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

overruled by the Supreme Court or this Court sitting *en banc*. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

The Second Amendment to the United States Constitution provides that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Under federal law, a person who has been convicted of a crime punishable by more than one year's imprisonment may not possess a firearm or ammunition that has moved through interstate or foreign commerce. 18 U.S.C. § 922(g)(1). We have held that § 922(g)(1)'s prohibition on felon disarmament does not violate the Second Amendment and that § 922(g)(1) is a valid use of the congressional Commerce Clause power. *United States v. McAllister*, 77 F.3d 387, 389–90 (11th Cir. 1996); *Rozier*, 598 F.3d at 770–71.

Kirby's argument -- that 18 U.S.C. § 922(g)(1) violates the Second Amendment and the Commerce Clause -- is foreclosed by our binding precedents. *See McAllister*, 77 F.3d at 389–90; *Rozier*, 598 F.3d at 770–71. Moreover, we recently held that *Rozier* was not abrogated by the Supreme Court's decisions in *N.Y. State Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), or *Rahimi*, 602 U.S. 680. *See Dubois*, 139 F.4th at 891–94.[2] And we are bound by all of our

---

[2] We originally issued *Dubois* in March 2024. The Supreme Court released its decision in *Rahimi* in June 2024. Dubois filed a petition for a writ of certiorari, and the Supreme Court vacated the judgment and remanded to this Court for consideration in light of *Rahimi*. *Dubois v. United States*, 145 S. Ct. 1041, 1042 (2025). On remand, we reinstated our previous opinion, holding "that *Rahimi*

prior published decisions because they have not been overruled by the Supreme Court or this Court sitting *en banc*. *Romo-Villalobos*, 674 F.3d at 1251. Accordingly, we grant the government's motion for summary disposition, since it is "clearly right as a matter of law" that § 922(g)(1) is constitutional. *See Groendyke Transp.*, 406 F.2d at 1162.

On remand, we reinstate our prior decision and **AFFIRM** Kirby's sentence.[3]

---

-- like [*Bruen*] -- did not abrogate our holding in *Rozier* that section 922(g)(1) is constitutional under the Second Amendment." 139 F.4th at 889–90.

[3] Because our Court already has issued an opinion on remand in *Dubois*, Kirby's motion to hold this case in abeyance pending *Dubois* is DENIED AS MOOT.