**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11941

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RODERICK FARRIER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00212-TFM-MU-1

_____

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Richard Farrier appeals his conviction and sixty-three-month sentence for possession of a firearm by a convicted felon. He argues that his conviction was unconstitutional because 18 U.S.C.

section 922(g)(1) violated the Second Amendment under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). He also contends that the district court procedurally erred by applying the firearm-in-connection enhancement to his guideline calculation based on his breaking and entering a vehicle. After careful consideration, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In Mobile, Alabama, Farrier broke into an unlocked, unoccupied car and stole a Glock 17 and watch because he "needed the money." He sold the watch to a friend but kept the gun. The next day, police officers found the Glock and four loaded magazines in Farrier's bedroom while executing a search warrant.

A grand jury indicted Farrier for possession of a firearm by a convicted felon and possession of ammunition by a convicted felon. *See* 18 U.S.C. § 922(g)(1). Farrier moved to dismiss the indictment, arguing that section 922(g)(1) violates the Second Amendment. The district court denied that motion based on *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), which held that section 922(g)(1) was constitutional under the Second Amendment. *Rozier*, the district court explained, "[wa]s still good law" because *Bruen* did not "overrule[] or undermine[]" *Rozier* "to the point of abrogation." After the district court denied his motion, Farrier pleaded guilty.

Before sentencing, the probation office prepared a final presentence report. The report included a four-level enhancement because Farrier possessed a firearm in connection with another

felony—burglary.  *See* U.S.S.G. § 2K2.1(b)(6)(B).  In addition, the presentence report noted that Farrier had an extensive criminal history, which included prior convictions for possession of burglary tools, breaking and entering of a motor vehicle, and fraudulent use of a debit or credit card.  Based on his criminal history, the report calculated Farrier's guideline range as fifty-one to sixty-three months' imprisonment.

Farrier objected to the firearm-in-connection enhancement. He argued that breaking and entering a vehicle is not burglary under Alabama or federal law.  Thus, according to Farrier, the enhancement did not apply, and his guideline range should have been thirty-three to forty-one months' imprisonment.  The district court overruled Farrier's objection.

After hearing the parties' arguments and Farrier's mitigation evidence, the district court imposed a sentence of sixty-three months' imprisonment.  The district court noted "concern[]" with Farrier being at "the top end of the [criminal history] scale" at the age of twenty-four.  While acknowledging Farrier's mitigation argument that his "drug problem" was "part of what [wa]s motivating [him] to continue to commit crimes," the district court stated that [i]t's "the same conduct over and over," a pattern of "ongoing activity . . . that hasn't been previously deterred by the [c]ourt system."  The district court explained that "[t]he extensive criminal background" was "an extremely important factor . . . because this [wa]sn't the first time that" Farrier had "broken into a car and stolen items out of it."  Thus, the district court explained, "to the

extent the guidelines were incorrect[ly] calculated," it "would have departed or varied upwardly . . . and would have imposed th[e same] sentence" because of Farrier's "repeated behavior of the same type." The district court said the sentence was "appropriate . . . to address the seriousness of the offense and the sentencing objectives of punishment, deterrence and incapacitation." Farrier appeals his conviction and sentence.

## STANDARD OF REVIEW

We review de novo the constitutionality of a statute. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). We also review de novo the district court's application of the guidelines, but we review for abuse of discretion the reasonableness of a sentence. *United States v. Grushko*, 50 F.4th 1, 10 (11th Cir. 2022).

## DISCUSSION

Farrier raises two issues on appeal. First, he argues that his conviction was unconstitutional because it violated the Second Amendment under *Bruen*. Second, he contends that the district court procedurally erred by applying the firearm-in-connection enhancement to his guideline calculation.

### *Conviction Challenge*

Farrier first argues that section 922(g)(1), which prohibits "any person . . . who has been convicted" of a felony to "possess in or affecting commerce, any firearm or ammunition," *see* 18 U.S.C. § 922(g)(1), violates his Second Amendment right "to keep and bear

[a]rms," *see* U.S. Const. amend. II.  But Farrier's argument is foreclosed by our precedent.

In *Rozier*, we considered a constitutional challenge to section 922(g)(1)'s prohibition on felons possessing firearms.  598 F.3d at 770–71.  We observed that the United States Supreme Court in *District of Columbia v. Heller* "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment."  *Id.* at 771 (citing *Heller*, 554 U.S. 570, 581, 626 (2008)).  Instead, prohibitions on felons possessing firearms were a "presumptively lawful longstanding prohibition."  *Id.* (citing *United States v. White*, 593 F.3d 1199, 1205–06 (11th Cir. 2010)); *see also Heller*, 554 U.S. at 581 ("[N]othing in [this] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.").  Thus, we held that "statutory restrictions of firearm possession, such as [section] 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people."  *Rozier*, 598 F.3d at 771.

Resisting this conclusion, Farrier argues that *Rozier* is no longer good law after the United States Supreme Court's decisions in *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024).  But "[u]nder our prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc."  *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).  "To overrule or abrogate a prior panel's decision, the subsequent Supreme Court or en banc decision 'must

be clearly on point' and must 'actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel.'" *Id.* (quoting *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009)). If the Supreme Court "never discussed" our precedent and did not "otherwise comment[] on" the precise issue before the prior panel, our precedent remains binding. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1238–39 (11th Cir. 2008). In other words, the later "decision must 'demolish' and 'eviscerate' each of its 'fundamental props.'" *United States v. Dubois*, 139 F.4th 887, 893 (11th Cir. 2025) (cleaned up) (quoting *Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F.4th 1214, 1223 (11th Cir. 2022)). Neither *Bruen* nor *Rahimi* went as far as to "overrule" or "abrogate" *Rozier*. *Gillis*, 938 F.3d at 1198.

*Bruen* was about a challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home. *See* 597 U.S. at 10–11. There, the Supreme Court explained that, in determining whether a restriction on the possession of firearms is constitutional, courts must begin by asking whether the restriction governs conduct that falls within the plain text of the Second Amendment right. *See id.* at 17. If the regulation covers such conduct, it survives constitutional scrutiny only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19.

*Rahimi* was about a challenge to the federal law prohibiting individuals subject to domestic violence restraining orders from

possessing firearms.   *See* 602 U.S. at 684–86; *see also* 18 U.S.C. § 922(g)(8).  There, the Supreme Court reiterated the *Bruen* analysis but warned that a historical analogue "need not be a 'dead ringer' or a 'historical twin'" to establish that a modern regulation "comport[s] with the principles underlying the Second Amendment." *Rahimi*, 602 U.S. at 691–92 (alteration adopted) (quoting *Bruen*, 597 U.S. at 30).

But *Bruen* and *Rahimi* "never discussed" our precedent on section 922(g)(1) and did not "otherwise comment[] on" the precise issue before" the *Rozier* court.  *See Vega-Castillo*, 540 F.3d at 1238–39.  And *Bruen* and *Rahimi* did not "demolish" or "eviscerate" our holding in *Rozier*.  *See Dubois*, 139 F.4th at 893 (quotation omitted).

Indeed, in *Dubois*, we explained that neither *Bruen* nor *Rahimi* had abrogated our decision in *Rozier*, which upheld the constitutionality of section 922(g)(1).  *See* 139 F.4th at 893–94.  Applying our prior-panel-precedent rule in considering the defendant's Second Amendment challenge to his conviction and sentence under section 922(g)(1), we affirmed, holding that *Rozier* continued to bar Second Amendment challenges to section 922(g)(1) unless and until the Supreme Court offered "clearer instruction."   *Id*. at 894. *Rozier*, we made clear, remained binding precedent in this Circuit. *Id*.

In short, because *Rozier* continues to bind us, Farrier's challenge must fail.  *See id*. at 893–94.

*Sentencing Challenge*

Next, Farrier argues that the district court procedurally erred by applying the firearm-in-connection enhancement to his guideline calculation. But the problem for Farrier is that any error by the district court would have been harmless.

We have "long recognized that it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (quotation omitted). In determining whether a guideline error was harmless, we consider "two components": (1) "knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way" and (2) "a determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *Id.* Here, both of these components are met.

First, the district court clearly stated, after it heard Farrier's argument and mitigation evidence, that it would have imposed "th[e same] sentence" even if "the guidelines were incorrect[ly] calculated," because of Farrier's repeated criminal behavior. Because the district court made a valid *Keene* statement, we know that "a decision either way" as to the enhancement would not have "affect[ed] the outcome of" Farrier's sentence. *See Keene*, 470 F.3d at 1348.

Second, Farrier's sentence was not unreasonable even if the firearm-in-connection enhancement did not apply. "[W]hen a

district court states that the sentence it has imposed would not have changed even with a different guideline calculation—we assume there was an error, reduce the guideline range according to the way the defendant argued, and analyze whether the sentence would be substantively reasonable under that guideline range. *Grushko*, 50 F.4th at 18. The defendant carries the burden of proving that his sentence was unreasonable in light of the record and the section 3553(a) factors. *Id.*

"In considering the substantive reasonableness of a sentence, we look at the totality of the circumstances." *Id.* (quotation omitted). The district court must "consider all of the [section] 3553(a) factors, but it may give greater weight to some factors over others or even attach great weight to a single factor—a decision that is within its sound discretion." *Id.* (quotation omitted). Further, the district court "need not discuss" each factor "specifically" but rather the district court's "acknowledgement that it has considered the [section] 3553(a) factors will suffice." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020). "We do not presume that a sentence outside the guideline range [wa]s unreasonable and must give due deference to the district court's decision that the [section] 3553(a) factors, as a whole, justify the extent of the variance." *Id.* "A sentence imposed well below the statutory maximum penalty is an indicator of reasonableness." *Id.*

Here, the district court's sentence was substantively reasonable under Farrier's preferred guideline range. The district court considered "the seriousness of the offense and the sentencing

objectives of punishment, deterrence and incapacitation" in sentencing Farrier to sixty-three months' imprisonment. *See Grushko*, 50 F.4th at 18. While the sentence was a twenty-two-month upward variance from the guideline range that didn't include the firearm-in-connection enhancement, the sentence was still 117 months below the statutory maximum. *See id.* And the district court explained why it varied upward—Farrier's pattern of criminal activity. The district court placed "great weight" in the fact that Farrier "continued to break into cars over a period of time and to steal items from them," and that he's "been involved in various theft-related things." *See id.* And the court "s[aw] nothing that has occurred" to give "any confidence that there should be an expectation that" Farrier was "not going to continue to commit those types of crimes." Because of the district court's valid *Keene* statement and because the sentence was substantively reasonable, any error by the district court would have been harmless. *Keene*, 470 F.3d at 1349.

## CONCLUSION

In sum, we find that Farrier's constitutional challenge as to his conviction was foreclosed by this Court's binding precedent and that his procedural error challenge as to his sentence was harmless.

**AFFIRMED.**