**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12616
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RALPHAEL ROY CALDWELL,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cr-00090-TKW-1
_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and BRASHER,
Circuit Judges.

PER CURIAM:

Ralphael Roy Caldwell appeals his conviction for possession
of a firearm and ammunition by a convicted felon. 18 U.S.C.

§ 922(g)(1). He argues that section 922(g)(1) is unconstitutional under the Second Amendment and exceeds Congress's authority under the Commerce Clause. We affirm.

Our precedents control this appeal and foreclose Caldwell's arguments. We have repeatedly rejected facial challenges to the constitutionality of section 922(g) under the Commerce Clause. *United States v. Edwards*, 142 F.4th 1270, 1285 (11th Cir. 2025); *see also United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (holding that section 922(g)(1) "is not an unconstitutional exercise of Congress's power under the Commerce Clause") (internal quotations omitted). We have also rejected as-applied challenges and held that the required "minimal nexus" to interstate commerce exists where the government proved that the firearm was manufactured out of state and necessarily traveled in interstate commerce. *Edwards*, 142 F.4th at 1285. And in *United States v. Dubois*, we held that *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), did not abrogate our holding in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), that section 922(g)(1) does not violate the Second Amendment. 94 F.4th 1284, 1291-93 (11th Cir. 2024). The Supreme Court vacated and remanded for further consideration in the light of *United States v. Rahimi*, 602 U.S. 680 (2024). *Dubois v. United States*, 145 S. Ct. 1041, 1042 (2025). On remand, we reinstated our earlier opinion and rejected the argument that *Bruen* and *Rahimi* abrogated our holding in *Rozier*. *Dubois*, 139 F.4th at 893-94.

We **AFFIRM** Caldwell's conviction.