**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12543

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JAMES MOBLEY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:24-cr-00029-AW-MAL-1

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

James Mobley appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues that the district court should have dismissed

the indictment because § 922(g)(1) is unconstitutional, as applied to nonviolent prior convictions, under the Supreme Court's decisions in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). But he properly concedes that his arguments are foreclosed by binding circuit precedent.

In *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025), on remand for further consideration in light of *Rahimi*, we held that neither *Bruen* nor *Rahimi* abrogated our prior decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). *Rozier* upheld the constitutionality of § 922(g)(1) on the "threshold ground that felons are categorically 'disqualified' from exercising their Second Amendment right." *Dubois*, 139 F.4th at 893. It construed the Second Amendment right as limited to "law-abiding and qualified individuals," and it "clearly exclud[ed] felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id.* (quotation marks omitted). *Dubois* analyzed both *Bruen* and *Rahimi* and concluded that *Rozier* remained good law. *Id.* at 892–93. We noted that, like *Rozier*, *Rahimi* endorsed the view that "prohibitions on the possession of firearms by felons and the mentally ill are presumptively lawful." *Id.* (cleaned up).

We are bound by *Dubois* and *Rozier* under our prior-precedent rule. *Id.* at 892 ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.") (quotation marks omitted). Accordingly, we must

25-12543                Opinion of the Court                3

reject Mobley's challenge to § 922(g)(1) based on the Second Amendment.  We therefore affirm his conviction.

**AFFIRMED.**