**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11250

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TERRY LEE GAMMAGE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80120-AMC-1

————————————

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Terry Gammage appeals his conviction for possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. section 922(g)(1).   He argues   that   section   922(g)(1)   is

unconstitutional under the Commerce Clause and the Second Amendment. The government, in turn, moves for summary affirmance, arguing that our precedent forecloses both of Gammage's constitutional challenges to section 922(g)(1). Because the government's position is clearly right as a matter of law, we grant its motion and affirm.[1]

In *United States v. McAllister*, we held that section "922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause." 77 F.3d 387, 389–90, 391 (11th Cir. 1996). Section 922(g)(1)'s requirement of a connection to interstate commerce, we explained, was sufficient to satisfy the Commerce Clause's "minimal nexus" requirement. *Id.*

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment right to bear arms presumptively "belong[ed] to all Americans" but the right was not unlimited. 554 U.S. 570, 581, 626 (2008). The Court noted that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.* at 626.

---

[1] We review de novo the constitutionality of a statute. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case[.]" *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In *United States v. Rozier*, we considered a constitutional challenge to section 922(g)(1)'s prohibition on felons possessing firearms. 598 F.3d 768, 770–71 (11th Cir. 2010). We held that "statutory restrictions of firearm possession, such as [section] 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," observing that *Heller* "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* at 771. *Heller,* we explained, recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* (citing *United States v. White*, 593 F.3d 1199, 1205–06 (11th Cir. 2010)).

Over a decade later, in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court considered a Second Amendment challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home. *See* 597 U.S. 1, 10–11 (2022). In *Bruen*, the Supreme Court recognized that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. The Supreme Court further explained that, in determining whether a restriction on the possession of firearms is constitutional, courts must begin by asking whether the firearm law or regulation at issue governs conduct that falls within the plain text of the Second Amendment right. *Id.* at 17. If the regulation covers such conduct, it survives constitutional scrutiny only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the

right to keep and bear arms." *Id.* at 19. *Bruen* also emphasized that *Heller* established the correct test for determining the constitutionality of gun restrictions. *See id.* at 19, 39. As in *Heller*, *Bruen* again confirmed that the Second Amendment protects the right of "law-abiding citizens" to possess handguns for self-defense. *See, e.g.*, *id.* at 9–10, 71.

After *Bruen* came *United States v. Rahimi*, in which the Supreme Court considered a challenge to the federal law prohibiting individuals subject to domestic violence restraining orders from possessing firearms. 602 U.S. 680, 684–86 (2024); *see also* 18 U.S.C. § 922(g)(8). In applying the *Bruen* history-and-tradition test, the Supreme Court warned that "some courts have misunderstood the methodology of our recent Second Amendment cases," which "were not meant to suggest a law trapped in amber." *Rahimi*, 602 U.S. at 691. *Rahimi* reiterated that a historical analogue "need not be a 'dead ringer' or a 'historical twin'" to establish that a modern regulation "comport[s] with the principles underlying the Second Amendment." *Id.* at 692. (alteration adopted) (quoting *Bruen*, 597 U.S. at 30). And after analogizing to surety and going armed laws from the Founding era, the Court "ha[d] no trouble concluding that [s]ection 922(g)(8) survive[d] Rahimi's facial challenge." *Id.* at 693–99.

Finally, in *United States v. Dubois*, we explained that neither *Bruen* nor *Rahimi* abrogated our decision in *Rozier*, which upheld the constitutionality of section 922(g)(1) under the Second Amendment. 139 F.4th 887, 890–94 (11th Cir. 2025). Applying our prior-

panel-precedent rule in considering the defendant's Second Amendment challenge to his conviction and sentence under section 922(g)(1), we affirmed, holding that *Rozier* continued to bar Second Amendment challenges to section 922(g)(1) unless and until the Supreme Court offered clearer instruction. *Id.* at 893. *Rozier*, we made clear, remained binding precedent in this Circuit. *Id.*

The government is clearly right that Gammage's Commerce Clause challenge fails under our binding precedent in *McAllister*. *See* 77 F.3d at 389–91. Gammage stipulated that the firearm and ammunition underlying his conviction traveled in interstate commerce and conceded that binding precedent foreclosed his Commerce Clause challenge, both facially and as applied. So, under *McAllister*, Gammage's conviction under section 922(g)(1) does not run afoul of the Commerce Clause. *See id.*

The government is also clearly right that Gammage's Second Amendment challenge fails under *Rozier,* which as *Dubois* confirmed, remains binding in this Circuit. *See Dubois*, 139 F.4th at 890–94. Gammage admitted his culpability as to the underlying elements qualifying him as a felon as well as his unlawful possession of a firearm and ammunition in violation of section 922(g)(1). As we held in *Dubois*, our reasoning in *Rozier* rejecting Second Amendment challenges to section 922(g)(1) remains consistent with *Heller*, *Bruen*, and *Rahimi*. *See id.* Because *Rozier* continues to bind us, and there has been no "intervening Supreme Court decision" that is both "clearly on point and clearly contrary to our earlier decision[s]," *id.* at 893 (internal quotation marks omitted), Gammage's

Second Amendment challenge to section 922(g)(1) fails, *see id.* at 890–94.

The government's position as to Gammage's Commerce Clause and Second Amendment challenges to section 922(g)(1) "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *See Groendyke Transp.*, 406 F.2d at 1162.  Thus, we grant the government's motion for summary affirmance.

**AFFIRMED.**