**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14099
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TREVIN TYWON DAVIS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:23-cr-00008-LAG-TQL-1

_____

Before WILLIAM PRYOR, Chief Judge, and ABUDU and ANDERSON,
Circuit Judges.

PER CURIAM:

Trevin Tywon Davis appeals his conviction for knowingly possessing a firearm as a felon. 18 U.S.C. §§ 922(g)(1), 924(a)(8),

924(e). He argues that section 922(g)(1) is unconstitutional under the Second Amendment, both facially and as applied to him. Based on our decision in *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025), we affirm.

Our precedents control this appeal and foreclose Davis's argument. In *United States v. Dubois*, 94 F.4th 1284, 1291-93 (11th Cir. 2024), we held that *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), did not abrogate our holding in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), that section 922(g)(1) does not violate the Second Amendment. While Davis's appeal was pending, the Supreme Court granted certiorari, vacated our decision in *Dubois*, and remanded for further consideration in the light of *United States v. Rahimi*, 620 U.S. 680 (2024). *Dubois v. United States*, 145 S. Ct. 1041, 1042 (2025). On remand, we reinstated our earlier opinion and rejected the argument Davis now raises on appeal—that *Bruen* abrogated our holding in *Rozier*. *Dubois*, 139 F.4th at 893 ("As we decided in our earlier opinion, *Bruen* did not abrogate *Rozier*."). In *Rozier*, we held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Rozier*, 598 F.3d at 770–72 (accepting that Rozier "possessed the handgun for self-defense" but concluding that "[t]he circumstances surrounding Rozier's possession . . . are irrelevant" due to his felony conviction).

We **AFFIRM** Davis's conviction.