**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11879

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANTONIO DEWAYNE POWELL,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:23-cr-00301-LCB-HNJ-1

————————————————

Before WILLIAM PRYOR, Chief Judge, and ABUDU and ANDERSON,
Circuit Judges.

PER CURIAM:

Antonio Powell appeals his conviction for knowingly possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). He argues that

section 922(g)(1) is unconstitutional under the Second Amendment, both facially and as applied to him. The government moves for summary affirmance. We grant the government's motion and affirm.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The government is clearly right as a matter of law. *Id.* Our precedents control this appeal and foreclose Powell's arguments. In *United States v. Dubois*, 94 F.4th 1284, 1291-93 (11th Cir. 2024), we held that *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), did not abrogate our holding in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), that section 922(g)(1) does not violate the Second Amendment. The Supreme Court granted certiorari, vacated our decision in *Dubois*, and remanded for further consideration in the light of *United States v. Rahimi*, 602 U.S. 680 (2024). *Dubois v. United States*, 145 S. Ct. 1041, 1042 (2025). On remand, we reinstated our earlier opinion and rejected the arguments that Powell now raises on appeal—that *Bruen* and *Rahimi* abrogated our holding in *Rozier*. *United States v. Dubois*, 139 F.4th 887,

25-11879              Opinion of the Court                3

893-94 (11th Cir. 2025). In *Rozier*, we held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Rozier*, 598 F.3d at 770–72 (accepting that Rozier "possessed the handgun for self-defense" but concluding that "[t]he circumstances surrounding Rozier's possession . . . are irrelevant" due to his felony conviction).

We **GRANT** the motion for summary affirmance and **AFFIRM** Powell's conviction.