**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10003

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JUSTIN MEYER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:22-cr-10012-RKA-1

_____

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Justin Meyer appeals his conviction for possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) is unconstitutional under the Second

Amendment. The government, in turn, moves for summary affirmance, arguing that our precedent forecloses Meyer's constitutional challenge to § 922(g)(1). Because the government's position is clearly right as a matter of law, we grant its motion and affirm.

We review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

In this Court, a "prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Dubois*, 139 F.4th 887, 892 (11th Cir. 2025) (quotation omitted), *cert. denied*, No. 25-6281, 2026 WL 135685 (U.S. Jan. 20, 2026). When we "cannot harmonize our decisions" we must follow the earliest-decided precedent. *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1231 (11th Cir. 2020).

In *District of Columbia v. Heller*, the Supreme Court held that the Second Amendment right to bear arms presumptively "belongs to all Americans" but the right "is not unlimited." 554 U.S. 570,

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued before October 1, 1981, are binding precedent in the Eleventh Circuit).

581, 626 (2008).  The Court noted that, while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  *Id*. at 626.

In *United States v. Rozier*, we considered a constitutional challenge to § 922(g)(1)'s prohibition on felons possessing firearms. 598 F.3d 768, 770–71 (11th Cir. 2010).  We held that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," observing that *Heller* "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment."  *Id*. at 771.  *Heller*, we explained, recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition."  *Id*. (quoting *United States v. White*, 593 F.3d 1199, 1205–06 (11th Cir. 2010)).

Then, in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court explained that, in determining whether a restriction on the possession of firearms is constitutional, courts must begin by asking whether the firearm law or regulation at issue governs conduct that falls within the plain text of the Second Amendment right.  597 U.S. 1, 17 (2022).  If the regulation covers such conduct, it survives constitutional scrutiny only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to

keep and bear arms." *Id.* at 19.  As in *Heller*, *Bruen* confirmed that the Second Amendment protects the right of "law-abiding citizens" to possess handguns for self-defense.  *Id.* at 8–10, 71.

The Supreme Court applied *Bruen*'s history-and-tradition test in *United States v. Rahimi* and warned that "some courts have misunderstood the methodology of [its] recent Second Amendment cases," which "were not meant to suggest a law trapped in amber."  602 U.S. 680, 691 (2024).  *Rahimi* reiterated that a historical analogue "need not be a 'dead ringer' or a 'historical twin'" to establish that a modern regulation "comport[s] with the principles underlying the Second Amendment."  *Id.* at 692 (quoting *Bruen*, 597 U.S. at 30).

Finally, in *United States v. Dubois*, we explained that neither *Bruen* nor *Rahimi* abrogated our decision in *Rozier*, which upheld the constitutionality of § 922(g)(1) under the Second Amendment. 139 F.4th at 888–89.  Applying our prior panel precedent rule in considering the defendant's Second Amendment challenge to his conviction under § 922(g)(1), we affirmed, holding that *Rozier* continued to bar Second Amendment challenges to § 922(g)(1) unless and until the Supreme Court offered clearer instruction.  *Id.* at 892–94.  *Rozier*, we made clear, remained binding precedent in this Circuit.  *Id.*

The parties agree and are clearly right that Meyer's Second Amendment challenge fails under *Rozier*.  Meyer, however, argues that *Dubois*, which reaffirmed *Rozier*, does not govern because it failed to apply the methodology set forth in *Bruen* and *Rahimi*,

which we held in *National Rifle Ass'n v. Bondi*, 133 F.4th 1108 (11th Cir. 2025) (en banc), must be used to evaluate all Second Amendment challenges. So, Meyer argues, *Bondi* governs because when circuit authority conflicts, the earliest case controls and *Bondi* predates *Dubois*.

In *Bondi*, we said that "[w]hen a person challenges a law regulating arms-bearing conduct, courts must examine the 'historical tradition of firearm regulation' in our nation to 'delineate the contours of the right.'" 133 F.4th at 1114 (quoting *Rahimi*, 602 U.S. at 692). Our decision in *Dubois* does not conflict with that instruction from *Bondi*. While *Bondi* set forth a general rule for how courts must evaluate Second Amendment challenges, it did not discuss, let alone eliminate, the prior panel precedent rule in the Second Amendment context. *See id.* Nor did it explicitly overrule any of this Court's previous Second Amendment decisions. *See id.* So *Bondi* and *Dubois* can easily be read in harmony: *Bondi* reiterated the Supreme Court's history-and-tradition test but did not prevent future opinions (like *Dubois*) from invoking the prior panel precedent rule to rely on previously decided Second Amendment opinions that are not "clearly contrary to" *Heller*, *Bruen*, and *Rahimi*. *Dubois*, 139 F.4th at 892 (quotation omitted).

In sum, *Dubois* clearly dooms Meyer's Second Amendment challenge to § 922(g)(1) and is binding because it does not conflict with *Bondi*. Because the government's position as to Meyer's Second Amendment challenge to § 922(g)(1) "is clearly right as a

6                    Opinion of the Court                    25-10003

matter of law," *see Groendyke Transp.*, 406 F.2d at 1162, we grant the government's motion for summary affirmance.

**AFFIRMED.**