**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-11859

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BRANDON DEVANTE OLIVER,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cr-00264-LSC-GMB-1

————————————

Before JORDAN, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Brandon Oliver appeals his conviction of possession of a firearm by a convicted felon, challenging the district court's order

denying his motion to dismiss the indictment against him.  He contends 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment.  As we recently explained in *United States v. Hicks*, 166 F.4th 933, 938-99 (11th Cir. 2026), we rejected this constitutional challenge in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), and later in *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025) (*Dubois II*).

In *Rozier*, we held "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," such as felons.  598 F.3d at 771.  We relied in part on the following statement in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."  As we explained, this statement "suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Rozier*, 598 F.3d at 771.  In *Rozier*, we also rejected the defendant's argument the statement from *Heller* was merely dicta and should not be afforded authoritative weight.  *Id.* at 771 n.6.

Additionally, *Dubois II* rejected the argument that *Rozier* is no longer good law after the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024).  In *Dubois II* we explained—interpreting *Rahimi*—that the Supreme Court emphasized it was "not suggest[ing] that the Second Amendment prohibits the enactment of

laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." *Dubois II*, 139 F.4th at 892 (quoting *Rahimi*, 602 U.S. at 698). We further noted *Rahimi* reiterated that "prohibitions on the possession of firearms by felons and the mentally ill . . . are presumptively lawful." *Id.* (quoting *Rahimi*, 602 U.S. at 698). These statements "confirm[ed] that *Rozier* remains good law." *Id.* at 893. Thus, *Rozier* continued to bind us in *Dubois II* and foreclosed Dubois' constitutional challenge to § 922(g)(1) as a violation of the Second Amendment. *Id.* at 894. As we explained, "clearer instruction from the Supreme Court" is necessary "before we may reconsider the constitutionality of section 922(g)(1)." *Id.*

Although Oliver acknowledges the binding nature of *Dubois II*, he contends it was wrongly decided. However, "under the prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by us sitting en banc." *Hicks*, 166 F.4th at 939 (quotation marks and alteration omitted). Therefore, the district court did not abuse its discretion in denying Oliver's motion to dismiss the indictment because this Court's precedent forecloses his argument that § 922(g)(1) is unconstitutional. *See United States v. Pielago*, 135 F.3d 703, 707 (11th Cir. 1998) (reviewing the denial of a motion to dismiss an indictment for an abuse of discretion).

**AFFIRMED.**