**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

———————————————

No. 25-12330

Non-Argument Calendar

———————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

OLAJUWAN O'NEIL HINES,

*Defendant-Appellant.*

———————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00060-RAH-JTA-1

———————————————

Before JILL PRYOR, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Olajuwan Hines pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 63 months of imprisonment. He now appeals, arguing

that his statute of conviction is unconstitutional as applied to him under the Second Amendment. The government, in turn, moves for summary affirmance, arguing that binding authority forecloses Hines's arguments.[1]

Summary disposition is appropriate where, as relevant here, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the constitutionality of a statute de novo. *United States v. Dubois*, 139 F.4th 887, 890 (11th Cir. 2025).

Hines contends that § 922(g) is unconstitutional as applied to him based on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). He notes that none of his prior convictions involved firearms so "there [wa]s no factual basis or logical reason to believe that possessing a firearm would lead him to reoffend." However, we recently confirmed that neither *Bruen* nor *United States v. Rahimi*, 144 S. Ct. 1889 (2024), abrogated our previous decision in *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010), which held that § 922(g)(1) is constitutional under the Second Amendment. *Dubois*, 139 F.4th at 890–94.

Accordingly, the government's position that Hines cannot show any error on appeal is clearly correct as a matter of law and

---

[1] The government also asks our Court to dismiss this appeal as untimely and as barred by Hines's guilty plea and his plea agreement's appeal waiver. We DENY those requests and assume that Hines's arguments are properly before our Court.

25-12330                Opinion of the Court                3

we are left with "no substantial question as to the outcome" of this case. *Davis*, 406 F.2d at 1162. We therefore GRANT the government's motion for summary affirmance and **AFFIRM** Hines's conviction.